UNITED STATES of America, Appellee,

v.

Todd Edward MATTHEWS, Appellant.

No. 92–3193.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1993.

Decided Sept. 29, 1993.

Gerald Zerkin of Richmond, VA (argued), John C. Goodson of Texarkana, AR (on brief), for appellant.

Steven Snyder, Asst. U.S. Atty., Fort Smith, AR, for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and KOPF,* District Judge.

WOLLMAN, Circuit Judge.

Todd Edward Matthews appeals from the sentence entered upon his guilty plea to charges of distributing cocaine base and money laundering. We vacate the sentence and remand the case to the district court for resentencing.

**I.**

On September 10, 1991, federal agents executed a search warrant at Matthews' residence near Ashdown, Arkansas. The agents discovered several items related to drug trafficking during the search. The agents recovered a loaded 9 mm. Glock pistol from the

---

* The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, sitting by designation.

glove box of Matthews' pickup, which was parked in the driveway to his house. Matthews, who was present during the search, admitted that the gun belonged to him.

A grand jury returned a nine-count indictment against Matthews. Count I charged Matthews with conspiracy to distribute crack cocaine from January 1988 through June 1990. Counts II through VI charged Matthews with distribution of crack cocaine at various times from June 1988 through August 1990. Count VII charged Matthews with distribution of crack cocaine during July 1990. Counts VIII and IX charged Matthews with money laundering offenses.

Matthews entered his plea of guilty to Counts VII and VIII in exchange for the government's promise to drop the other seven counts.

The government presented seventeen witnesses at Matthews' sentencing hearing. There was testimony that Matthews had held himself out as a "weight man," slang for an individual who deals in large quantities of drugs. One witness testified that Matthews had openly stated that he used other people to distribute the drugs while he played the role of supplier. This witness also testified that Matthews had a cocaine source in Texas. Another witness testified that he had made two trips to Texas to obtain drugs for Matthews and that on each occasion he had transported a kilogram of cocaine back to Arkansas. Two witnesses testified that Matthews had attempted to recruit them to make trips to Texas to pick up shipments of cocaine.

Various witnesses testified that Matthews had "fronted" crack cocaine, either in individual rocks or larger quantities, to other persons. These individuals sold the allotments of crack, kept a percentage of the proceeds for themselves, and remitted the remainder to Matthews.

The district court calculated the weight of cocaine base attributable to Matthews to be 2.994 kilograms. The district court then stated that it had concluded that Matthews was a leader of a criminal activity involving five or more participants or which was otherwise extensive, for which it imposed a four-

level enhancement pursuant to U.S.S.G. § 3B1.1(a) of the Sentencing Guidelines.

The court also determined that Matthews did not merit a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, finding that Matthews had not cooperated sufficiently with the government concerning his drug trafficking activities and had refused to divulge his sources of drugs.

The district court imposed a two-level enhancement for possession of a firearm during the course of a drug offense pursuant to U.S.S.G. § 2D1.1, based upon the pistol seized from Matthews' pickup.

Based on its several findings, the district court sentenced Matthews to consecutive terms of 240 months' imprisonment on Count VII and 120 months' imprisonment on Count VIII, to be followed by three years of supervised release.

## II.

Matthews contends that the district court erred in sentencing him by (1) making an erroneous determination of relevant conduct with respect to his conviction for distribution of cocaine base; (2) enhancing his base offense level for being a leader or organizer; (3) refusing to provide him with a reduction in his base offense level for acceptance of responsibility; and (4) enhancing his base offense level for possession of a weapon. We address these issues in turn.

### A. *Relevant Conduct Calculation*

■ Matthews argues that the district court erred in three respects in calculating his relevant conduct enhancement. As noted above, the district court calculated that the amount of cocaine involved was 2.994 kilograms, based upon an estimated weight of .24 grams per "rock" of crack cocaine. The district court obtained the .24 gram/rock figure from data in the presentence report. As Matthews points out and the government concedes, however, the only evidence offered at the sentencing hearing concerning the weight of a rock of crack cocaine came from Arkansas State Police officer Steve Clemmons, who testified that a rock of crack

cocaine in southwest Arkansas weighs approximately .1 gram.

The government does not dispute that the .24 gram/rock figure relied upon by the district court was not presented during the sentencing hearing, but argues that Matthews waived his right to contest the issue because his counsel did not object to the district court's use of the .24 gram/rock figure.

 Because Matthews failed to raise this issue before the district court, we may review it only if "(1) the district court committed an error, i.e., deviated from a legal rule, (2) the error is plain, i.e., clear under current law, and (3) the error affected [the defendant's] substantial rights." *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir.1993); Fed.R.Crim.P. 52(b). When a forfeited error meets these requirements, we have discretionary authority to order correction. *United States v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). We should exercise our remedial discretion "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at ——, 113 S.Ct. at 1779 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).

Because the district court did not rely on any evidence presented during the sentencing hearing in determining the weight of a rock of crack cocaine, and because the only evidence presented at the hearing differed materially from the weight figure eventually used by the court, we conclude that a significant question remains concerning the weight of the crack cocaine to be attributed to Matthews. Accordingly, we vacate the district court's relevant conduct determination and remand for a new hearing at which the parties may present evidence to assist the district court in determining the accurate weight of the crack cocaine.

 In his second argument concerning relevant conduct, Matthews contends that the district court erroneously sentenced him on the basis of allegedly false information given by Keith Burton, who testified before the grand jury that he had sold crack cocaine for Matthews. At the sentencing hearing, however, Burton recanted his grand jury testimony, testifying that he had never sold any crack cocaine for Matthews and that he had testified falsely before the grand jury because he had been coerced by Drug Enforcement Administration agent Bill Bryant.

Bryant testified that he had never threatened or coached Burton in any way. Additionally, Bryant noted that he had interviewed Burton seven weeks before the grand jury proceeding. During the interview, Burton had outlined the extent of his involvement with Matthews. Additionally, Michael Forbes, who is Burton's brother, testified that Burton had in fact sold crack cocaine for Matthews. The district court discredited Burton's testimony at the sentencing hearing and chose to rely upon Burton's grand jury testimony. We cannot say that the district court's decision to do so was clearly erroneous. Accordingly, we affirm the district court's decision to use Burton's grand jury testimony in calculating the overall weight of the drugs for the purposes of Matthews' relevant conduct.

Last, Matthews argues that because the assessment of relevant conduct produced a six-fold increase in his sentence, the district court was required by the Due Process Clause to apply a standard of proof higher than a preponderance-of-the-evidence in evaluating the government's evidence at the sentencing hearing. Because the district court's new sentence imposed upon remand may obviate the need to resolve this contention, however, we forgo further discussion of the issue in the present proceeding.

### B. *Enhancement For Being a Leader/Organizer*

 Matthews argues that the district court erred in imposing a four-level enhancement pursuant to U.S.S.G. § 3B1.1 for being a leader or organizer of a criminal activity on the basis of his leadership role in other relevant conduct and not on the basis of the offense of conviction.

Section 3B1.1 provides that the district court should enhance a defendant's base offense level by four levels if it finds that he was "an organizer or leader of a criminal activity that involved five or more partici-

pants or was otherwise extensive...." In *United States v. Sutera*, 933 F.2d 641, 649 (8th Cir.1991), we held that section 3B1.1 permits enhancement only for [a] defendant's leadership role "in the offense of conviction[,]" and that "[a] leadership role in collateral conduct will not support enhancement." We noted, however, that "the court may consider the defendant's leadership role over acts either that were a part of the crime of conviction or that furthered that crime." *Id.*

The evidence introduced at the sentencing hearing established that Matthews played a leadership role in a criminal activity involving five or more persons. Moreover, as the district court noted, the criminal activity involved, namely, the distribution of cocaine base, constituted the primary source of the $125,000 of laundered money that formed the basis of Matthews' guilty plea on Count VIII. Accordingly, we conclude that Matthews' leadership role in the distribution of cocaine base falls within acts that "furthered the crime" of conviction within the meaning of U.S.S.G. § 3B1.1. *Sutera*, 933 F.2d at 649.

## C. *Acceptance of Responsibility Reduction*

██ Matthews contends that the district court erred in denying him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

Section 3E1.1(a) of the 1991 Guidelines provides that a defendant is entitled to consideration for a two-level reduction in his base offense level for acceptance of responsibility "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...."

Matthews argues that the district court erroneously declined to grant him a reduction because he refused to accept responsibility for offenses other than those to which he pled guilty. Matthews notes that he pled guilty to only two counts, provided a statement to the court before sentencing in which he accepted blame for the offense of conviction, and stated to the court that he had voluntarily withdrawn from the drug business before agents executed the search warrant.

The district court refused to reduce Matthews' offense level for acceptance of responsibility because Matthews had not admitted to selling cocaine base to a number of the government's witnesses and because he had refused to divulge the identity of the "really big drug dealer" involved in the enterprise.

As amended effective November 1, 1992, the Application Notes to U.S.S.G. § 3E1.1 provide as follows:

1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]

Although we do not hold that the 1992 amendment to this Application Note necessarily operates retroactively, in view of the fact that we are remanding for resentencing on other issues we vacate the denial of the two-level reduction for acceptance of responsibility and direct the district court to reconsider that issue in the light of the 1992 amendment.

## D. *Enhancement for Possession of a Firearm*

██ Last, Matthews contends that the district court erroneously enhanced his base offense level by two levels for possession of a firearm under U.S.S.G. § 2D1.1. Matthews notes that agents seized the firearm during

**1166**

the search on September 10, 1991, more than a year after the July 1990 crack distribution offense to which he pled guilty.

Section 2D1.1(b)(1) provides for a two-level increase if a firearm was possessed or used during the commission of the crime. Application Note 3 states in part that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, n. 3.

 Accordingly, the government must first show that the weapon was present, and second, that it was not clearly improbable that the weapon had a nexus with the criminal activity. *United States v. Bost*, 968 F.2d 729, 732 (8th Cir.1992). "A firearm possessed by a convicted drug offender must be connected with the drug offense of conviction before its possession can be used to enhance his sentence." *United States v. Pou*, 953 F.2d 363, 371 (8th Cir.), *cert. denied*, —— U.S. ——, ——, 112 S.Ct. 1982, 1983, 118 L.Ed.2d 580, 581 (1992). Moreover, the government bears the burden of establishing this relationship between the defendant's possession of the firearm and the offense which he has committed. *Bost*, 968 F.2d at 732.

Matthews pled guilty to a single act of distributing cocaine base that was alleged to have occurred on or about July 1990; and to a count of money laundering that was alleged to have occurred during a period from approximately January 1988 through June 1990. Because the agents seized the firearm in September 1991, the connection between the firearm and the offenses of conviction is not readily apparent. It does not appear that the district court made a finding that the government had established this connection. Accordingly, we vacate the two-level enhancement for possession of a weapon during a drug-related offense. On remand, the district court should determine, based upon the existing record, whether the government established the required nexus between Matthews' firearm possession and the offenses of conviction and enter sentence accordingly.

### III.

We vacate Matthews' sentence and remand the case to the district court for resentencing in accordance with the views set forth in this opinion. We retain jurisdiction over the case so that we may address such issues as may be raised upon appeal from the new sentence.