**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 95-5680

ANDRE WILLIAMS, a/k/a Andre
Curry, a/k/a Drey,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-93-48)

Submitted: July 23, 1996

Decided: August 6, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia Gail Shein, NATIONAL LEGAL SERVICES, INC., Atlanta,
Georgia, for Appellant. William D. Wilmoth, United States Attorney,
Thomas O. Mucklow, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andre Williams appeals from a district court judgment resentencing him following remand by this court to determine whether Williams' sentence for various drug related offenses was improperly enhanced based on information Williams provided pursuant to his plea agreement. In our initial consideration of this case, the controversy centered on whether the probation officer, in violation of the guidelines and the plea agreement, relied on Williams' own affidavit, in which he extensively recounted his involvement in the drug trade, in recommending an enhancement for being an organizer or leader of a criminal activity involving five or more participants, or which was otherwise extensive, pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1993). We found it impossible to ascertain from the record whether the probation officer relied on the affidavit, and remanded for the district court to consider the matter.

On remand, the district court conducted a hearing, at which the probation officer testified that his reference to the affidavit was inadvertent, that he was aware at the time he prepared his report that the guidelines prohibited reliance on the affidavit, and that he did not in fact do so. He stated that his recommendation was essentially based on information provided to him by DEA special Agent Kenneth Winkie, and his concurrence with Winkie that this evidence established Williams' position as an organizer or leader. This information included excerpts from grand jury testimony of various individuals who testified to their role and the roles of others in the drug distribution network of which Williams was a part. Winkie also provided affidavits from some of these individuals.

In this appeal, Williams no longer seriously pursues the position that his sentence enhancement was improperly based on information

2

provided in his own affidavit. In this vein, we note that the district court expressly credited the probation officer's testimony that he did not consider the affidavit. The focus of this appeal is Williams' contention that the sentencing court improperly applied the enhancement again on remand based on grand jury testimony which, in Williams' view, lacks sufficient reliability to be considered in determining the applicability of an enhancement. We disagree.

Williams first argues that the grand jury testimony should not have been considered because it was inadmissible hearsay to which no recognized exceptions apply. In determining facts relevant to sentencing, however, courts are not limited to consideration of evidence which would be admissible at trial. 18 U.S.C. § 3661 (West 1985 & Supp. 1996). A sentencing court may even consider uncorroborated hearsay, so long as the defendant is provided an opportunity to rebut or explain it. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). Thus, section 6A1.3(a) of the guidelines, which provides that otherwise inadmissible evidence may be considered so long as the information contains "sufficient indicia of reliability to support its probable accuracy," does not restrict the court's ability to consider reliable hearsay. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). In keeping with these principles, sentencing courts may rely on grand jury testimony so long as it is found to be sufficiently reliable. See United States v. Williams, 10 F.3d 910, 914 (1st Cir. 1993); United States v. Matthews, 5 F.3d 1161, 1164 (8th Cir. 1993); United States v. Campbell, 985 F.2d 341, 347-48 (7th Cir. 1993).

The district court specifically found the grand jury testimony to be reliable in this case, based on the testimony of agent Winkie. Winkie reviewed the grand jury testimony in its entirety, and concluded that regarding Williams' role in the drug distribution network, the grand jury witnesses provided information consistent with each other, with personal interviews he conducted with and affidavits he received from some of those witnesses, and with police investigation reports. Winkie testified that his findings regarding Williams' role in the offense were based on the "totality of everything," and that he was able to verify the reliability of all information, including grand jury testimony, by cross-referencing and cross-checking it against other information obtained from various sources.

3

Agent Winkie's verification efforts provided an adequate basis for the court to conclude that the grand jury testimony in this case was sufficiently reliable to be considered at sentencing, and for the court to rely on the recommendation of Winkie and the probation officer to find, by a preponderance of the evidence, that Williams was an organizer or leader under § 3B1.1(a). We note but reject the suggestion raised in Williams' reply brief that this Court apply a "clear and convincing" evidence standard to sentencing enhancement issues. See McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986); United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.), cert. denied, 493 U.S. 943 (1989).

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4