**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR WILLARD HURSH,

Defendant-Appellant.

No. 01-5141
(D.C. No. 00-CR-37-K)
(N. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY** and **O'BRIEN,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Victor Willard Hursh appeals his sentence for possession of methamphetamine with intent to distribute and possession of ammunition after

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

former conviction of a felony. Mr. Hursh pled guilty to both charges and was sentenced to a term of forty-six months. Mr. Hursh's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moves for leave to withdraw as counsel. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744. Counsel provided Mr. Hursh with a copy of his appellate brief. Mr. Hursh in turn filed *pro se* an opposition to that brief as well as a later reply to the government's brief.

Mr. Hursh raises several arguments and his counsel raises a few additional points. We consider each in turn. First, in his December 2001 opposition to the *Anders* Brief, Mr. Hursh argues that the court improperly used 24 year-old convictions to enhance his sentence. As the government details in its brief, this is simply without basis in fact. There was no enhancement of Mr. Hursh's sentence

-2-

based on the 1976 convictions. *See* Appx. to *Anders* Br. at 34. To the extent that Mr. Hursh may simply have meant (as it appears his counsel has construed his argument) that the 24 year-old convictions should not have been relied upon in the conviction for possession of ammunition by a felon, we find his argument unpersuasive. More importantly, the argument constitutes a challenge to the sufficiency of evidence to support the conviction on the ammunition charge to which Mr. Hursh pled guilty. Such a challenge is not allowed. *See United States v. Broce*, 488 U.S. 563, 569-70 (1989).

Mr. Hursh also contends there was an unlawful upward departure in his case. We disagree. *See* Appx. to *Anders* Br. at 31-34, 41. Rather, the court imposed a sentence at the high end of the guidelines.

Next Mr. Hursh argues that the district court should not have applied a two point firearm enhancement under U.S.S.G. § 2D1.1(b)(1). We agree with the points made by Mr. Hursh's counsel and the government on this matter. Under Tenth Circuit law it is clear the defendant bears the ultimate burden of proving that although he possessed the firearm, it was "clearly improbable" the firearm was connected with the drug offense. *See United States v. Smith*, 131 F.3d 1392, 1400 (10th Cir. 1997). Mr. Hursh's counsel acknowledges that two cases from other circuits have previously found situations in which the evidence was insufficient to support a two-point enhancement. *See United States v. Peters*, 15

F.3d 540 (6th Cir. 1994); *United States v. Khang*, 904 F.2d 1219 (8th Cir. 1990). However, *Peters* is distinguishable because the court there affirmed findings that were not clearly erroneous. Likewise, Mr. Hursh's counsel is correct that in the Eighth Circuit the burden of showing the connection between the weapon and the drug offense to be "clearly improbable" does not shift to the defendant as it does in the Tenth Circuit. The Eighth Circuit is alone in this regard. *See United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995) (noting Eighth Circuit alone in placing burden entirely on government). Our circuit's position is clear, and Mr. Hursh simply failed to carry his burden of proof on this issue.

In his February 2003 reply to the government's brief, Mr. Hursh repeats his legal argument on the impropriety of the firearm enhancement. He also contends he did in fact provide proof that the guns' connection to the drug offense was "clearly improbable," but he does not indicate what that proof was. Our review of the record persuades us that although Mr. Hursh did present some evidence on this point, the district court did not err in concluding he failed to carry his burden of proof. To the extent Mr. Hursh may be alleging ineffective assistance of counsel on this point, that is not an appropriate issue to raise on direct appeal and we do not consider it. *See United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995).

Mr. Hursh raises an unintelligible argument relating to the authority of the

sentencing commission. To the extent we can comprehend this argument, we find it lacks merit. To the extent Mr. Hursh alleges ineffective assistance of counsel for failing to raise this argument, we again note that direct appeal is not the proper forum for such an argument. *See id.*

Mr. Hursh's counsel raises and dismisses additional potential issues related to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and downward departure. Because the sentence in this case did not exceed the statutory maximum, there can be no *Apprendi* violation. *United States v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001). In addition, it is apparent that the sentencing court was aware of its ability to depart from the guidelines but declined to do so. We lack jurisdiction to review that decision. *See United States v. Fagan*, 162 F.3d 1280, 1282 (10th Cir. 1998).

After careful review of the entire proceedings, we agree with counsel that no non-frivolous grounds for appeal appear on this record. We see nothing to indicate any error in the district court's sentencing decision. Accordingly, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge