**UNITED STATES of America,
Appellee,**

v.

**Steven J. WEEDON, Appellant.**

No. 02–3027.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 15, 2003.

Before HENDERSON, GARLAND, and ROBERTS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's judgment of conviction be affirmed. Because the record clearly shows that when the appellant pled guilty he expressly waived the right to appeal the district court's ruling on the motion to suppress, appellant may not now challenge the denial of the motion. *See United States v. Burke,* 888 F.2d 862, 865 n. 4 (D.C.Cir.1989).

Appellant claims the district court erred in not departing downward from the United States Sentencing Guidelines ("Sentencing Guidelines"), based on his assistance to the government. Because appellant's sentence was the minimum allowable under the applicable Sentencing Guideline range, however, the district court was not free to give him a lesser sentence for assisting the government absent a downward departure motion. *See In Re Sealed Case No. 97–3112,* 181 F.3d 128, 136 (D.C.Cir.1999) (court may grant downward departure for substantial assistance only upon motion by the government).

Appellant's ineffectiveness of counsel claim also lacks merit. Even assuming counsel had called appellant's wife to testify, her proffered testimony would have had no bearing on the reasonableness of the police search. The reasonableness of a search is assessed on the basis of the facts available to an officer at the time a search occurs. *See Scott v. United States,* 436 U.S. 128, 136–37, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). Assuming appellant's wife was lying when she told police that appellant was threatening her with a gun, the police had no way of knowing she was being untruthful at the time of the search. Thus, there is no "reasonable probability" that, if not for counsel's alleged error, the proceeding's outcome would have been different. *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Nor did the district court err in applying the two-level enhancement of Section 2D1.1(b)(1). Section 2D1.1(b)(1) increases the sentence if a "dangerous weapon (including a firearm) was possessed" during the commission of the offense, "unless it is clearly improbable that the weapon was connected with the offense." Section 2D1.1(b)(1) application note 3; *see also United States v. Burke,* 888 F.2d 862, 869 (D.C.Cir.1989). Appellant contended the enhancement should not apply because there was no evidence the gun had been used in connection with a drug trafficking offense. The application of the enhancement, however, does not "depend on [a] showing that the defendant used ... or would have used the firearm to advance the commission of the underlying offense"; all that is required is that "the weapon was

present, unless it is *clearly improbable* that the weapon had any connection to the offense." *Burke,* 888 F.2d at 869, *quoting* Section 2D1.1(b)(1) (emphasis in original). *Cf. United States v. Mathis,* 216 F.3d 18, 27 (D.C.Cir.2000) (approving enhancement based on defendant's imputed possession of gun in glove compartment of car coconspirator drove from crime scene); *United States v. Harrison,* 103 F.3d 986, 990 (D.C.Cir.1997) (evidence that defendant possessed weapons found in trunk of his car during course of drug distribution conspiracy sufficient to warrant 2D1.1(b)(1) enhancement). Here, a loaded handgun admittedly owned by appellant was found in the bedroom of a house containing more than two pounds of cocaine he was preparing for distribution. Thus, the district court did not err in applying the 2D1.1(b)(1) enhancement. *See Mathis,* 216 F.3d at 27.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.