# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1507

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dorman Haire, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2009
Filed: November 24, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dorman Haire appeals the sentence the district court[1] imposed after he pleaded guilty to knowingly possessing 2.5 kg of cocaine with intent to distribute in violation of 21 U.S.C. § 841 (a)(1). He challenges the application of a sentencing enhancement for possession of a firearm in connection with a drug offense. U.S.S.G. § 2D1.1(b)(1). After reviewing the district court's application of the guidelines de novo and its underlying factual findings for clear error, we affirm.

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Haire was at the home of his estranged wife when police responded to a report of domestic disturbance at the residence, possibly involving a firearm. After receiving verbal consent to search the home, police found and seized 2.5 kg of cocaine hidden in a clothes dryer and a Smith and Wesson revolver concealed in an upstairs bedroom closet. Haire accepted responsibility for the cocaine but denied knowledge of the firearm.

It is undisputed that the weapon and drugs were seized from the same home at the same time. Though Haire did not live at the residence, he was present at the time of the search and exercised sufficient authority and dominion over the home to conceal drugs there. We conclude that the district court did not err in applying the enhancement because it is not clearly improbable that the weapon was connected to the underlying drug offense. See United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008) ("[The] well-known tendency of drug criminals to use firearms in connection with their drug activities supports an inference that a gun near the vicinity of drug activity is somehow connected to it."); United States v. Hiveley, 61 F.3d 1358, 1363 ("Constructive possession will suffice to justify an upward adjustment for possession of a firearm . . ."). The district court did not clearly err in finding that Haire constructively possessed the weapon also found on the premises.

Accordingly, we affirm the judgment of the district court.
_____