**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0313n.06

**Case No. 15-6114**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jun 07, 2017 |
| *Plaintiff-Appellee,* | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| FAITH BLAKE, aka Faith Marvell Brueland, aka | ) | DISTRICT OF TENNESSEE |
| Faith Fuentes, aka Faith Baker, | ) |  |
|  | ) |  |
| *Defendant-Appellant.* | ) |  |
|  | ) |  |

BEFORE:     COLE, Chief Judge, GIBBONS and ROGERS, Circuit Judges.

COLE, Chief Judge.   Faith Blake appeals her sentence for conspiracy to distribute controlled substances and failure to appear at her bond hearing, arguing that her 528-month sentence was procedurally and substantively unreasonable.  The district court correctly applied the challenged enhancements and imposed a substantively reasonable sentence.  We, therefore, affirm Blake's sentence.

## I.  BACKGROUND

Faith Blake owned Elite Care Pain Clinic ("Elite Care"), and she and her mother, Barbara Lang, owned and operated Superior One Medical Clinic ("Superior One"), both in Chattanooga, Tennessee.  These clinics operated as "pill mills" that prescribed addictive pain medication to clients who did not medically need it.  A grand jury charged Blake, Lang, nurse practitioner

Charles Larmore, and pediatrician Jerome Sherard with conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), and with maintaining premises for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1). A superseding indictment charged Blake with failure to appear for court proceedings, in violation of 18 U.S.C. § 3146.

On December 19, 2013, Blake pleaded guilty to two counts of conspiring to distribute and disperse Schedule II, III, and IV controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and (b)(1)(E), failing to appear at her bond revocation hearing, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(I), and obstructing and impeding the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a). As part of her plea agreement, Blake stipulated that "the majority of the prescriptions [issued at Superior One and Elite Care] were not issued for a medical purpose." (Plea Agreement, R. 158, PageID 546.) She also stipulated that, after being indicted and released pending trial, she fled the jurisdiction, failed to appear in court as scheduled, and was later apprehended in Maryland under an assumed name.

On August 1, 2014, Blake moved to withdraw her guilty plea. After an evidentiary hearing, the district court denied the motion.

The Presentence Investigation Report ("PSR") determined that Blake was responsible for 28 kilograms of oxycodone, which yielded a base offense level of 38. The PSR recommended two-level enhancements for (1) possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), (2) maintaining the premises for the purpose of distributing controlled substances under U.S.S.G. § 2D1.1(b)(12), (3) committing the offense as part of a pattern of criminal conduct engaged in as a livelihood under U.S.S.G. § 2D1.1(b)(15)(E), and (4) obstruction of justice under U.S.S.G. § 3C1.1. The PSR also recommended a four-level leadership enhancement. After the

enhancements, Blake's combined adjusted offense level was 50. Because the maximum Guidelines offense level is 43, the PSR set Blake's total offense level at 43. Blake's effective sentencing Guidelines range under U.S.S.G. § 5G1.2(d) was 600 months of imprisonment.

Blake objected to each of the enhancements and requested a downward departure and variance from the Guidelines range. At sentencing, the district court overruled all of Blake's objections but granted a downward variance because Blake's offense level was largely driven by the high drug quantity. The district court imposed a sentence of 528 months of imprisonment. Blake timely appealed.

## II. ANALYSIS

We review a criminal sentence for procedural and substantive unreasonableness under "a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the sentencing court committed a clear error of judgment." *United States v. Coppenger*, 775 F.3d 799, 802–03 (6th Cir. 2015). A sentence may be procedurally unreasonable if the district court failed to calculate or improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013). A sentence may be substantively unreasonable if the district court chose the sentence arbitrarily, based the sentence on impermissible factors, or unreasonably weighed a pertinent factor. *Id.*

### A. Enhancement for Maintenance of Facility for the Purpose of Distributing Controlled Substances

Under U.S.S.G. § 2D1.1(b)(12), a defendant who "maintain[s] a premises for the purpose of manufacturing or distributing a controlled substance" is subject to a two-level enhancement.

Blake argues that the enhancement cannot apply to her because no drugs were manufactured or distributed at Superior One or Elite Care. This circuit "has not settled on the proper standard of review for assessing such enhancements." *United States v. Bell*, 766 F.3d 634, 636 (6th Cir. 2014) (comparing *United States v. Jackson-Randolph*, 282 F.3d 369, 390 (6th Cir. 2002) (reviewing for clear error) with *United States v. Sweet*, 630 F.3d 477, 480 (6th Cir. 2011) (reviewing de novo)). Here, we need not decide the standard of review because the issuance of a prescription qualifies as distribution under either standard.

"Because the [U.S. Sentencing] Commission adopted language nearly identical to the pre-existing drug house statute to describe the enhancement, it is fair to assume that it meant to incorporate prior interpretations of the statute." *United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013) (internal citations omitted) (comparing U.S.S.G. § 2D1.1(b)(12) with 21 U.S.C. § 856(a)(1)). Section 856(a)(1) makes it unlawful to "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." Our cases interpreting § 856(a)(1) demonstrate that prescribing controlled substances qualifies as distribution under that statute. *See United States v. Huffman*, 529 F. App'x 426, 430–31 (6th Cir. 2013) (concluding that the pills prescribed by a doctor in a pill mill were "attributable to Huffman's crime of maintaining premises for the purpose of unlawfully distributing controlled substances"). This is also in line with the meaning of "distribute" under 18 U.S.C. § 841(a)(1), which makes it a crime to knowingly and intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." *See United States v. Flowers*, 818 F.2d 464, 468 (6th Cir. 1987) (holding that "Congress intended that a person could violate

section 841(a)(1) without actually distributing the controlled substances, but only by writing a prescription for their distribution").

Here, it is undisputed that Superior One and Elite Care wrote medically unnecessary prescriptions for controlled substances—Blake stipulated to it as part of her plea agreement—and that Blake, as owner and operator, maintained the clinics. Accordingly, the district court did not err in applying the two-level enhancement under § 2D1.1(b)(12).

## B. Enhancement for Obstruction of Justice

Blake makes a rather opaque argument that the district court erred in applying a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice when the ultimate sentence included a component for a separate count of obstruction of justice. The district court ruled properly, however, under our directly applicable holding in *United States v. Green*, 305 F.3d 422, 436–37 (6th Cir. 2002). Blake somewhat vaguely suggests that we should not follow this decision. However, it is well-established law that that a prior published decision of our court remains controlling authority unless a contrary decision of the United States Supreme Court requires modification of the decision or this court sitting en banc overrules the prior decision. *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996). Accordingly, the district court did not err in imposing the enhancement for obstruction of justice.

## C. Enhancement for Possession of a Weapon

Under U.S.S.G § 2D1.1(b)(1), a defendant is subject to a two-level enhancement for possession of a dangerous weapon. We review a district court's factual finding that a defendant possessed a firearm for clear error. *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003). "The government bears the burden of showing by a preponderance of the evidence that the defendant either 'actually or constructively possessed the weapon.'" *Id.* at 665 (quoting *United*

*States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002)). If the government meets its burden, the burden shifts to the defendant to "show that it was clearly improbable that the weapon was connected with the crime." *Hough*, 276 F.3d at 894.

For the government to meet its burden, it need only prove that the firearm was possessed during "relevant conduct" to the offense. *United States v. Rios*, 830 F.3d 403, 437–38 (6th Cir. 2016) (quoting *United States v. Penaloza*, 648 F. App'x 508, 518 (6th Cir. 2016)); *see also* U.S.S.G. § 1B1.3. Relevant conduct under the Guidelines includes "all acts and omissions of others that were within the scope of the jointly undertaken criminal activity, in furtherance of that criminal activity, and reasonably foreseeable in connection with that criminal activity" and that "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(B).

Here, it is undisputed that Brian Baker, an assistant manager, and Ken Edwards, a security guard, carried firearms. Blake argues that the district court erred in finding that the government proved possession because Baker and Edwards were unindicted co-conspirators, not co-defendants. Our cases recognize no such distinction. Possession of a firearm by a "co-conspirator"—not a co-defendant—constitutes possession under § 2D1.1(b)(1) so long as the co-conspirator's possession is reasonably foreseeable by the defendant. *See United States v. Woods*, 604 F.3d 286, 290–91 (6th Cir. 2010). Blake provides no contrary authority. And Blake admitted as a stipulation to her plea agreement that she knew some staff members carried firearms. The government also proved at sentencing that Blake hired the guards to assist in the conspiracy. The government, therefore, met its burden to show possession, and the burden

shifted to Blake to show that it was clearly improbable that the weapons were connected to the crime.

Blake argues that the burden should not shift to her and cites a split among the circuits on this point. *Hough*, 276 F.3d at 894; *see also United States v. Peroceski*, 520 F.3d 886, 888 (8th Cir. 2008). However, as we have said, a panel cannot overrule the decision of another panel. *See Smith*, 73 F.3d at 1418. Blake has not shown that it was clearly improbable that the firearms carried by Baker and Edwards were connected to the crime. Accordingly, the district court did not commit clear error in determining that the sentencing enhancement applied.

### D. Enhancement for Pattern of Criminal Conduct Engaged in as a Livelihood

Under U.S.S.G. § 2D1.1(b)(15)(E), a defendant is subject to a two-level enhancement if the defendant played a leadership role in the offense and "committed the offense as part of a pattern of criminal conduct engaged in as a livelihood." Blake argues only that the district court erred in not imposing the enhancement on all co-defendants. However, the application of that enhancement does not turn on whether the sentences of all conspirators are similarly enhanced. Moreover, the enhancement requires that the defendant play a leadership role and Sherard and Larmore were employees of Blake, who owned and operated the clinics as her primary occupation. Accordingly, the district court correctly applied the enhancement to Blake.

### E. Vagueness

Blake argues that U.S.S.G. §§ 3C1.1, 2D1.1(b)(1), and (b)(12) are unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2554 (2015). In *Beckles v. United States*, the Supreme Court held that a residual clause under the Guidelines was not unconstitutionally vague because "the Guidelines are not subject to a vagueness challenge under the Due Process

Clause." 137 S. Ct. 886, 892 (2017), *abrogating United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). Accordingly, Blake's vagueness challenge is without merit.

**F. Substantive Reasonableness**

Blake also questions the substantive reasonableness of her below-Guidelines sentence, which we review for abuse of discretion. Blake argues that the imposed sentence "created an unwarranted sentencing disparity" between Blake and other similarly situated defendants. (Appellant Br. 19.) Sentences that are within the Guidelines range are presumptively reasonable, and that presumption carries at least as much weight for below-Guidelines sentences like this one. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Under 18 U.S.C. § 3553(a)(6), a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in sentencing. "[T]his factor concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008) (emphasis in original). The cases cited by Blake where defendants received lower sentences also involved lower drug quantities. *See United States v. Sadler*, 750 F.3d 585, 588–89 (6th Cir. 2014) (involving only about 779 kilograms of marijuana equivalency, compared to the 187,600 kilograms at issue here); *United States v. Guzman*, 571 F. App'x 356, 359 (6th Cir. 2014) (involving only 127,564 kilograms of marijuana equivalency). Blake has failed to rebut the strong presumption of reasonableness accorded to her below-Guidelines sentence.

The district court acknowledged the advisory nature of the Guidelines, considered the § 3553(a) factors, correctly calculated the Guidelines range, and sentenced Blake below the

range. Accordingly, the district court did not abuse its discretion in imposing a 528-month sentence of imprisonment on Blake.

## III. CONCLUSION

For the preceding reasons, we affirm Blake's sentence.