# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2251
_____

United States of America

*Plaintiff - Appellee*

v.

Maricus Davon Futrell, also known as Rukus

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 13, 2023
Filed: March 27, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Maricus D. Futrell pled guilty to conspiracy to distribute and possess with intent to distribute more than 400 grams of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The district court[1] sentenced him to 132 months

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Futrell argues the district court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous firearm. This court reviews findings of fact for clear error and application of the guidelines de novo. *See United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012).

The government bears the burden of proving a sentencing enhancement. *See United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). The two-level enhancement was proper here if "the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11. *See Peroceski*, 520 F.3d at 887 (holding the government must prove "the weapon was present and that it is at least probable that the weapon was connected with the offense"). This is a "low bar." *United States v. Garcia*, 703 F.3d 471, 476 (8th Cir. 2013). To a show a "connection," the government need not show that the defendant used or touched the weapon. *See Peroceski*, 520 F.3d at 889.

Futrell stipulated that: (1) he was a "runner" in two drug-trafficking conspiracies; (2) all runners in one of the conspiracies carried handguns or assault rifles; (3) investigators found him in the bedroom of his girlfriend, a coconspirator; (4) the girlfriend's house facilitated activities of the drug-trafficking conspiracy; and (5) in the bedroom investigators found over $9,000 and a loaded semi-automatic pistol. These facts are sufficient to support the district court's finding that it was not clearly improbable that the weapon was connected with the drug offense. *See United States v. Hernandez*, 440 Fed. Appx. 522, 523 (8th Cir. 2011) (holding that it was not clearly improbable that an unloaded gun hidden in an attic above defendant's garage and wrapped in a bandana and electrical tape was connected with defendant's drug offense); *United States v. Dunning*, 1997 WL 415241, at *1 (8th Cir. Jul. 25, 1997) (finding no clear error in the district court's determination that it was not clearly improbable that a revolver found in a closet with the drugs and cash was

connected with the offense even though defendant professed a lack of knowledge as to its presence).  The court did not err in applying the enhancement.

* * * * * * * *

The judgment is affirmed.

_____