# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1266

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Eddie Cosey, also known as Silo, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 19, 2009
Filed: April 28, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eddie Cosey pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The district court[1] sentenced Cosey to 400 months' imprisonment. On appeal, Cosey maintains that this sentence is unreasonable. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

## I. *Background*

Cosey pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The parties agreed "that the sentence to be imposed will be in the range of 262 months' imprisonment up to and including life in prison, without parole." At the sentencing hearing, there were three Guidelines issues to resolve: (1) the quantity of drugs attributable to Cosey; (2) whether Cosey played an aggravated role in the conspiracy offense; and (3) whether Cosey possessed a firearm in connection with the criminal activity.

The district court concluded that the preponderance of the evidence showed that the conspiracy involved more than a kilogram and a half of crack cocaine. The district court then enhanced Cosey's sentence for his leadership role in the conspiracy. The district court further enhanced Cosey's sentence for possession of a firearm or dangerous weapon. The district court determined that Cosey's sentencing range was 360 months' to life in prison and sentenced Cosey to 400 months' imprisonment.

## II. *Discussion*

On appeal, Cosey argues that a sentence of 400 months' imprisonment is per se substantively unreasonable where it is based on the unreasonable disparity between crack cocaine and powder cocaine under § 2D1.1 of the Guidelines. Specifically, Cosey's counsel asserts that (1) applying the factors of 18 U.S.C. § 3553(a), any disparity between crack-cocaine sentences and powder-cocaine sentences is unreasonable and (2) the district court erred by comparing Cosey with defendants who face a mandatory life sentence, as Cosey's mandatory minimum under 18 U.S.C. § 851 was 20 years' imprisonment, not life imprisonment.

Additionally, Cosey, in his pro se supplemental brief[2], contends that the district court committed significant procedural error by (1) failing to make specific factual findings supporting its drug quantity determinations, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B); (2) imposing a leadership enhancement pursuant to U.S.S.G. § 3B1.1(a); and (3) imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

> First, we must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, and we may apply a presumption of reasonableness to a sentence within the advisory Guidelines range.

*United States v. Lomeli*, 596 F.3d 496, 503 (8th Cir. 2010) (internal quotations, alterations, and citations omitted). "An abuse of discretion occurs when the court fails to consider a relevant factor that deserves significant weight, when it gives an irrelevant factor significant weight, or when the court commits a clear error in weighing the relevant factors." *United States v. Campbell*, 410 F.3d 456, 464 (8th Cir. 2005).

### A. *Crack Cocaine/Powder Cocaine Disparity*

First, Cosey argues that because crack and powder cocaine are chemically the same drug, any sentencing disparity between equal weights of crack and powder is contrary to the factors of 18 U.S.C. § 3553(a). Cosey maintains that the disparity between crack cocaine and powder cocaine sentences is unreasonable, and accordingly, a 400-month sentence based on this disparity is per se unreasonable.

---

[2]This court granted Cosey's motion to file a pro se supplemental brief.

"Although *Kimbrough* [*v. United States*, 552 U.S. 85 (2007)] empowers a district court to consider the disparity between guideline sentences for powder cocaine and crack, it does not require it to do so." *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008).

Cosey explicitly acknowledges that precedent of this Court establishes that *Kimbrough* does not require a district court to consider the crack-powder disparity when sentencing for a crack offense. Furthermore, Cosey does not argue that the district court failed to consider the disparity because it did not believe that it could. *United States v. Davis*, 538 F.3d 914 (8th Cir. 2008).

### B. *Computation of Cosey's Guidelines Range*

Cosey next argues that the district court erred by comparing him with defendants who face a mandatory life sentence. He argues that because his minimum mandatory sentence was 20 years imprisonment he should have been compared to defendants with similar records whose applicable career-offender Guidelines range was 292 to 326 months' imprisonment. Cosey maintains that his 400-month sentence is a disparate sentence when compared with such defendants.

"[W]e . . . consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . ." *Lomeli*, 596 F.3d at 503.

We are unpersuaded by Cosey's arguments. Cosey offers no support for his contention that he should have been compared to defendants whose career offender Guidelines range was 292 to 326 months. Furthermore, the record reflects that the district court properly considered the § 3553(a) factors in determining Cosey's sentence. Cosey has a long history of violence, gun possession, and drug dealing, and previous terms of imprisonment have provided no deterrence to his criminal conduct. In reaching its decision, the district court noted Cosey's substantial criminal

background and his personal characteristics, as well as the nature and circumstances of the offense. While a lesser sentence perhaps may have been reasonable as well, the sentence imposed and its determination procedure show no abuse of discretion.

## C. *Federal Rule of Criminal Procedure 32(i)(3)(B)*

Next, Cosey argues that the district court committed procedural error by failing to specify the basis for its drug quantity determination as required by Federal Rule of Criminal Procedure 32(i)(3)(B). Cosey concedes that plain error review applies to this argument because it was not timely raised. Nevertheless, he argues that the district court committed plain error because it failed to identify what specific drug quantity he was responsible for.

"In order to establish plain error, a party must demonstrate (1) an error, (2) that is plain, and (3) which affects substantial rights. If those elements are met, we will not reverse unless the 'error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Peneaux*, 432 F.3d 882, 892 (8th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 732–36 (1993)).

Federal Rule of Criminal Procedure 32(i)(3)(B) provides: "At sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

"[A] district court satisfies Rule 32(i)(3)(B)'s requirements if it makes a clear statement indicating 'it was relying on its impression of the testimony of the witnesses at trial, coupled with its specific rejection of the defendant's quantity objections' . . . ." *United States v. Villareal-Amarillas*, 454 F.3d 925, 930 (8th Cir. 2006) (quoting *United States v. Flores*, 73 F.3d 826, 835 (8th Cir. 1996)). The district court complied with this directive stating that it reached its decision after considering the testimony

presented at the hearings. The court further noted that it was highly suspicious that more than four-and-a-half kilograms were involved, but assured that a preponderance of the evidence showed that the conspiracy involved a kilogram-and-a-half of crack cocaine. Morever, because Cosey forfeited this argument, the district court was entitled to accept the presentence investigation report as a finding of fact per Rule 32(i)(3)(A). Accordingly, we find no plain error in the district court's ruling.

### D. *U.S.S.G. § 3B1.1(a) Leadership Enhancement*

Next, Cosey argues that the district court erred in imposing a § 3B1.1(a) leadership enhancement because the criminal activity involved fewer than five participants. Specifically, Cosey argues that because the individuals the court identified as participants were not charged with the conspiracy, nor entered a guilty plea, they were not, in fact, participants.

"The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error." *United States v. Vasquez-Rubio*, 296 F.3d 726, 729 (8th Cir. 2002).

U.S.S.G. § 3B1.1(a) provides: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."

Cosey's arguments lack precedential support. Although in *Vasquez-Rubio* five other individuals pleaded guilty to the same count of conspiracy, we did not declare their guilt as a prerequisite for finding that they were participants in criminal activity. 296 F.3d at 729. In fact, we mentioned the pleas as factually supporting the finding but did not make coconspirator guilt the exclusive avenue of proof of conspiratorial involvement. We stated:

A "participant" for the purposes of § 3B1.1 is a person criminally responsible for the commission of the offense. § 3B1.1, comment. (n.1). There was ample unchallenged evidence in the PSR and at sentencing that at least five persons were criminally responsible for the scheme of drug distribution for which Vasquez was convicted. For example, the methamphetamine which led to Vasquez's arrest was handled in turn by Aguilar, Vasquez, Sandoval, Antonio Hernandez, Rubio, Veronica Hernandez, and Estrada.

*Id.* Only after making these statements did we add that, "[m]oreover, because five defendants pled guilty to the same count of conspiracy, the court was bound to conclude that the criminal activity involved at least five participants." *Id.* Notably, *Vasquez-Rubio* is the only case that Cosey cites in support of his position.

### E. *U.S.S.G. § 2D1.1(b)(1) Weapons Enhancement*

Finally, Cosey argues that there was insufficient evidence to impose a two-level increase in his base sentence for possession of a dangerous weapon in connection with the conspiracy pursuant to § 2D1.1(b)(1).

"We will not reverse the district court's findings that defendants possessed firearms for the purposes of 2D1.1(b)(1) unless they are clearly erroneous." *United States v. Lucht*, 18 F.3d 541, 555 (8th Cir. 1994).

U.S.S.G. § 2D1.1(b)(1) provides: "If a dangerous weapon (including a firearm) was possessed [in connection with the offense], increase by 2 levels." The proof requirement for establishing possession of a dangerous weapon in connection with a conspiracy pursuant to § 2D1.1(b)(1) is low. "[T]he government must simply show that it is not clearly improbable that the weapon was connected to the drug offense." *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). Furthermore, "the government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense. This means that evidence that the

weapon was found in the same location as drugs or drug paraphernalia usually suffices." *Id.* (internal quotations, alterations, and citations omitted).

Applying *Peroceski*, we conclude that it is not clearly improbable that the weapon was connected with the offense. At the sentencing hearing, there was testimony that Cosey regularly carried a firearm on his person. Additionally, a mechanic testified that he saw a gun in Cosey's car when he brought in it for repair. Finally, there was testimony that placed Cosey with a firearm in the motel room that served as the nerve center for his drug operations. Based on this testimony, we find that it was not clear error to conclude that Cosey possessed a firearm in connection with the drug conspiracy.

III. *Conclusion*

The judgment of the district court is affirmed.

_____