# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1222

_____

United States of America,

        Appellee,

v.

Donnale C. Clay,

        Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

_____

Submitted: September 24, 2010
Filed: October 8, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Donnale C. Clay pleaded guilty to distributing cocaine base and being a felon in possession of a firearm. The district court[1] sentenced Clay to 100 months' imprisonment for each offense, with Clay to serve the terms concurrently. Clay appeals his sentence, arguing that the district court improperly calculated his base offense level and that his sentence is substantively unreasonable. We affirm.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I. Background

On May 4, 2009, Clay pleaded guilty to one count of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Applying the U.S. Sentencing Guidelines, the district court determined that Clay's base offense level for the cocaine-distribution charge was twenty-two because Clay had distributed 4.8 grams of cocaine base. U.S. Sentencing Guidelines Manual § 2D1.1(c). The court also determined that a 2006 conviction for attempting to elude a pursuing law enforcement vehicle, in violation of Iowa Code § 321.279(2), was a "crime of violence." U.S.S.G. § 4B1.2(a). As a result, the court determined that Clay's base offense level for the felon-in-possession charge was twenty. U.S.S.G. § 2K2.1(a)(4).

The court adjusted Clay's base offense level for the felon-in-possession charge. The court applied a two-level enhancement because Clay possessed between three and five firearms, a four-level enhancement because the firearms were stolen or their serial numbers were obliterated, and a two-level multi-count enhancement for the cocaine-distribution charge. Then, the court applied a three-level reduction for Clay's acceptance of responsibility. Clay's total offense level for the felon-in-possession charge was twenty-five.

Based upon Clay's category V criminal history, the court determined Clay's advisory guideline sentencing range to be 100–125 months. Clay requested a downward variance from this range, arguing that the Sentencing Guidelines unfairly punished cocaine-base (i.e., "crack" cocaine) offenses more harshly than powder-cocaine offenses. After considering the sentencing factors under 18 U.S.C. § 3553(a), the court denied Clay's request. The court sentenced Clay to 100 months' imprisonment for each charge, with Clay to serve the terms concurrently.

Clay raises two issues on appeal. First, Clay argues that the district court erred in finding that attempting to elude is a crime of violence. Second, Clay argues that his sentence is substantively unreasonable because the district court refused to grant a downward variance to offset the effects of the Sentencing Guidelines' disparate treatment of crack- and powder-cocaine offenses.

## II. Discussion

### A.

Clay first argues that attempting to elude is not a crime of violence. Section 2K2.1 of the Sentencing Guidelines outlines the appropriate base offense levels for offenses involving the unlawful possession of firearms. Under § 2K2.1(a)(4)(A), the appropriate base offense level is twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). A crime of violence is:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Clay was convicted in 2006 under Iowa Code § 321.279(2) for attempting to elude. This offense is committed when:

> The driver of a motor vehicle . . . willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace

-3-

officer after being given a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more.

Iowa Code § 321.279(2).

The district court determined that attempting to elude is a "crime of violence" and therefore set Clay's base offense level at twenty for the felon-in-possession offense. Clay argues that attempting to elude is not a crime of violence.[2] We review de novo whether a prior offense is a crime of violence under § 4B1.2(a). United States v. Aleman, 548 F.3d 1158, 1168 (8th Cir. 2008).

The district court found attempting to elude to be a "crime of violence" under the "or otherwise" clause of § 4B1.2(a)(2). To be a "crime of violence" under this clause, an offense must (1) present a serious risk of physical injury to another, and (2) involve purposeful, violent, and aggressive conduct "such that it is similar in kind to the example crimes" in the section. United States v. Malloy, Nos. 09-2618, 09-2619, 2010 WL 3061922, at *10 (8th Cir. Aug. 6, 2010). The inquiry focuses on the generic elements of the offense rather than the facts underlying a particular conviction. Id. at *3.

This court recently held in Malloy that the offense of eluding under Iowa Code § 321.279(3) is a crime of violence, and we believe Malloy controls this case. Section 321.279(3) includes the language of section 321.279(2) verbatim. Although section 321.279(3) requires an additional element,[3] this element was not necessary to our finding that section 321.279(3) is a crime of violence. The shared language of these

---

[2]Clay does not argue that attempting to elude is not a "felony" for purposes of U.S.S.G. § 2K2.1(a)(4)(A).

[3]A defendant essentially violates section 321.279(3) if he violates section 321.279(2) while also either committing a "public offense," drug crime, or an OWI, or if the defendant causes bodily injury to someone other than himself while violating section 321.279(2).

offenses requires a defendant to have fled from law enforcement in a vehicle at a high rate of speed while willfully ignoring instructions to stop from law enforcement. Because of this shared language, we hold that section 321.279(2) is a crime of violence for the same reasons we held in Malloy that section 321.279(3) is a crime of violence. See Malloy, 2010 WL 3061922 at *10–11.

## B.

Clay also claims that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). When a sentence is within the advisory guideline sentencing range, we may presume the sentence is reasonable. Id. Clay argues that his sentence was substantively unreasonable because the district court denied his request for a downward variance to offset the effects of the Sentencing Guidelines' disparate treatment of crack- and powder-cocaine offenses. Although the district court, in its discretion, could have granted a downward variance on this basis, Kimbrough v. United States, 552 U.S. 85, 110–11 (2007), it was not required to do so, United States v. Cosey, 602 F.3d 943, 946 (8th Cir. 2010); United States v. Davis, 583 F.3d 1081, 1099 (8th Cir. 2009).

The record indicates that the district court considered Clay's argument for a variance along with each of the relevant sentencing factors of 18 U.S.C. § 3553(a). Ultimately, the district court sentenced Clay within the advisory guideline sentencing range because of his dangerousness. After "giv[ing] due deference to the district court's decision that the §3553(a) factors, on a whole, justify" Clay's sentence, Gall, 552 U.S. at 51, our review of Clay's sentence does not indicate that the district court abused its discretion. We therefore reject Clay's claim that his sentence was substantively unreasonable.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

_____