# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1048

_____

United States of America,         \*
           \*
        Appellee,       \*
           \*   Appeal from the United States
     v.           \*   District Court for the
           \*   District of Minnesota.
Zeferino Gutierrez-Ayala,     \*
           \*   [UNPUBLISHED]
        Appellant.      \*

_____

Submitted: October 18, 2010
Filed: October 25, 2010

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

Zeferino Gutierrez-Ayala pleaded guilty to one count of conspiracy to distribute at least 1,500 grams but less than 5,000 grams of a mixture or substance containing a detectable amount of methamphetamine and at least 500 grams but less than 2,000 grams of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced Gutierrez-Ayala to 210 months' imprisonment, based in part on a four-level enhancement under United States Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1(a) for being an organizer or leader of criminal activity.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Gutierrez-Ayala appeals, arguing the district court erred in finding his offense level should be increased pursuant to the leadership enhancement. We affirm.

We review the district court's factual findings concerning the four-level enhancement for clear error and its ultimate sentence for an abuse of discretion. United States v. Molina-Perez, 595 F.3d 854, 862 (8th Cir. 2010). Under U.S.S.G. § 3B1.1(a), the offense level is increased by 4 levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." United States v. Cosey, 602 F.3d 943, 947-48 (8th Cir. 2010). The adjustment is intended to reflect the defendant's criminal responsibility relative to other participants in the crime. United States v. Cunningham, 593 F.3d 726, 731 (8th Cir. 2010). We interpret the terms "organizer" and "leader" broadly. United States v. Bolden, 596 F.3d 976, 983 (8th Cir. 2010).

> In determining whether to apply the enhancement, a sentencing court should consider the defendant's exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Id. (citing U.S.S.G. § 3B1.1 cmt. n. 4).

We conclude the district court did not clearly err in finding Gutierrez-Ayala was a leader or organizer of the conspiracy. First, it is uncontested the conspiracy involved five or more participants. While Gutierrez-Ayala objected to the Presentence Report's (PSR) characterization of him as a leader or organizer, the district court was entitled to accept the undisputed portions of the PSR in making its findings of fact. See United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) ("[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may

accept that fact as true for sentencing purposes.") (citation omitted). For instance, Gutierrez-Ayala did not object to paragraphs in the PSR detailing his oversight of a co-conspirator, Jose Luis Lucio, including his use of a drug courier to transport drugs to Lucio in order for Lucio to sell to customers. Notably, the PSR indicated that Lucio was also a leader in the conspiracy, and it was clear that Gutierrez-Ayala distributed drugs to Lucio for resale. See United States v. Williams, 605 F.3d 556, 571 (8th Cir. 2010) ("Typically, this [four-level] enhancement applies to a defendant who employs or otherwise arranges for intermediaries to sell his drugs.") (citation omitted). In another unobjected-to paragraph, Gutierrez-Ayala was told by a separate co-conspirator of a customer who wanted to purchase 1.5 kilograms of cocaine for $37,000, and he responded that his cousin, another co-conspirator, would be there in ten minutes and Gutierrez-Ayala would take $4,000 for facilitating the deal.

These unobjected-to paragraphs make clear that Gutierrez-Ayala maintained a distributor role to his co-conspirators, utilized a courier for the transactions, took a share of the profits as a facilitator, and exercised his decision-making authority in the commission of the offense. As a result, the district court's findings are adequately supported by the record and they justify the finding that Gutierrez-Ayala was a leader or organizer of a criminal activity involving five or more individuals. See Razo-Guerra, 534 F.3d at 976 ("Because [the defendant] objected not to the facts themselves, but only to the report's recommendation based on those facts, the district court appropriately accepted the specific factual allegations . . . as true without further evidence by the Government.") (internal quotation marks and citation omitted).

We affirm Gutierrez-Ayala's sentence and the judgment of the district court.

_____