# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1807

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| Channon Crites, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: January 6, 2011

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Channon Crites pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and was sentenced to 96 months of imprisonment followed by five years of supervised release. This sentence was significantly lower than the range of 210 to 240 months calculated pursuant to the United States Sentencing Guidelines Manual. Nevertheless, Crites appeals, attacking reasonableness of the district court's[1] sentence and contending the district court should have granted his request for a downward variance to 60 months. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We review the substantive reasonableness of a sentence under the familiar abuse-of-discretion standard.  United States v. Johnson, 619 F.3d 910, 920 (8th Cir. 2010).  Where the sentence is below the bottom end of the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further."  United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).  In considering whether the district court abused its discretion, we evaluate whether the district court "(1) fail[ed] to consider a relevant factor that should have received significant weight; (2) g[ave] significant weight to an improper or irrelevant factor; or (3) consider[ed] only the appropriate factors but in weighing those factors commit[ted] a clear error of judgment."  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks and citation omitted).

The district court did not abuse its discretion in sentencing Crites.  Addressing the 18 U.S.C. § 3553(a) factors, it imposed a sentence which is more than twice lower than the bottom end of Crites's Guidelines range based on its belief such sentence would be adequate to deter future criminal conduct and protect the public from further crimes of the defendant.  In the sentencing colloquy, the court appropriately emphasized the gravity and addictive nature of child pornography offenses and the serious harm to children resulting from such offenses.  The court was also concerned with the deterrence value of Crites's sentence.  Although the court did not fully indulge Crites's request for a 60-month sentence, it adopted the government's recommendation for a sentence of 96 months, which was "a shorter sentence than [the court] was contemplating."  Sent. Tr. at 14.

The sentence is not made unreasonable by the district court's refusal to go along with the sentence proposed by the defendant.  See United States v. Statman, 604 F.3d 529, 535 (8th Cir. 2010).  Nor is it unreasonable simply because the court declined the defendant's invitation to offset the effects of the Guidelines' allegedly unfair treatment of certain conduct through a downward variance.  United States v. Clay, __ F.3d __,

2010 WL 3928686, at *2 (8th Cir. 2010).  In the absence of any evidence suggesting abuse of discretion, we affirm the district court's judgment.

_____