# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Jason D. Dement, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: April 5, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

Jason Dement appeals from the sentence imposed[1] following his conviction for being a felon in possession of a firearm. The advisory Sentencing Guideline range for Dement was 292 to 365 months, and he was also subject to an undischarged state court sentence for parole revocation to be served in the State of Missouri. At sentencing, Dement asked that the federal sentence be concurrent with the state court sentence, and also requested a variance to a sentence below the Guidelines range. The district court declined both requests and sentenced him to 292 months, to be served

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

consecutively to the state court sentence.  On appeal, Dement argues the district court committed significant procedural error both by refusing to give a reason for the consecutive sentence, and by failing to fully consider the 18 U.S.C. § 3553(a) sentencing factors when imposing the within-Guidelines sentence.

We review a sentence for an abuse of discretion, giving due deference to the district court's decision, and ensuring that the district court committed no significant procedural error, such as failing to adequately explain the given sentence.  Gall v. United States, 552 U.S. 38, 51 (2007).  A district court's decision to impose a consecutive sentence is similarly reviewed for reasonableness.  United States v. Lomeli, 596 F.3d 496, 503 (8th Cir. 2010).  Further, because Dement failed to object at sentencing to the alleged procedural errors, if there were significant procedural errors, we would review them for plain error.  United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).  However, there were no procedural errors here.

Consecutive sentences are specifically contemplated by the Guidelines, see United States Sentencing Guidelines Manual § 5G1.3, and the Guidelines recommend that sentences for offenses that occur while the defendant is on probation/parole be imposed consecutively to any imposed revocation sentence.  Id. § 5G1.3 app. n.3(C). Dement's offense falls within this category,[2] and the district court's discussion of Dement's general characteristics at sentencing was adequate to discharge its duties with regard to both imposing and explaining the Guidelines-recommended consecutive sentence.  Along these same lines, the district court adequately discussed and considered the 18 U.S.C. § 3553(a) factors at Dement's sentencing.  Our review of the record indicates that the district court was well acquainted with Dement

_____

[2]The Presentence Investigation Report relates that after committing the instant offense but prior to trial and sentencing, Dement was involved in a domestic dispute that led to the revocation of his state probation in an unrelated case.  The district court ordered that the felon-in-possession sentence run consecutive to this revocation sentence.

following trial, which included Dement's testimony, a review of Dement's Presentence Investigation Report, and Dement's lengthy allocution, which included a colloquy with the court. Based upon this record, requiring a more loquacious explication from the district court would depart appreciably from our precedent. E.g., United States v. Lazarski, 560 F.3d 731, 733-34 (8th Cir. 2009) (holding that it was clear from the record that the district court properly considered the § 3553(a) factors). We also find that Dement's within-Guidelines sentence is substantively reasonable. United States v. Clay, 622 F.3d 892, 895-96 (8th Cir. 2010). Accordingly, we affirm.

_____