# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1356

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Eldridge A. Sumlin, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 16, 2011
Filed: January 25, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eldridge Sumlin appeals his sentence for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(B). The offense occurred on July 22, 2010. On August 3, 2010, the Fair Sentencing Act (FSA), which amended the threshold quantities of crack cocaine for triggering mandatory minimum sentences under § 841 and mandated amendments to the United States Sentencing Guidelines (U.S.S.G. or Guidelines), became effective. On November 8, 2010, Sumlin entered a plea of guilty to the charge set forth in the indictment. His sentencing hearing occurred on February 8, 2011.

The district court[1] calculated a Guidelines range of 262 to 327 months' imprisonment and noted the application of a mandatory minimum sentence of ten years. Ruling that the FSA did not apply to conduct predating the Act's effective date, the district court sentenced Sumlin to 262 months' imprisonment, the bottom of the Guidelines range.

Sumlin argues that the district court erred in declining to apply the FSA to his sentence, which would have resulted in a Guidelines range of 188 to 235 months' imprisonment. The government agrees, arguing that the FSA should apply in all sentencing hearings occurring on or after the effective date of the statute, even if the defendant's offense occurred before that date.

The parties' argument is foreclosed by our decision in United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) (holding that "the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment."); see also United States v. Smith, 632 F.3d 1043, 1047-49 (8th Cir. 2011) (holding that the FSA is not retroactive, and penalties effective at time of occurrence of offense governs).[2] Accordingly, the district court did not err in sentencing Sumlin in accordance with the pre-FSA Guidelines and mandatory minimums.

---

[1]The Hon. Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]We note that the Supreme Court has consolidated and granted certiorari in the cases of United States v. Fisher, 635 F.3d 336 (7th Cir.), *cert. granted sub nom.*, Dorsey v. United States, 181 L. Ed. 2d 480 (U.S. Nov. 28, 2011), and United States v. Hill, 417 F. App'x 560 (7th Cir.), *cert granted*, 181 L. Ed. 2d 480 (U.S. Nov. 28, 2011), which present the following question: "Did the district court err in not sentencing the petitioner pursuant to the 2010 Fair Sentencing Act where petitioner was sentenced on Dec. 2, 2010, after the effective date of the FSA, and the amendments to the Sentencing Guidelines mandated by the FSA?" 80 U.S.L.W. 3311, 3317.

Sumlin argues in the alternative that the district court abused its discretion in denying his motion for a downward variance. He contends that the district court should have varied downward (1) "to implement the spirit of the FSA," (2) "to account for the harsh operation of the career offender Guideline[3] and the inflated sentence it produced for a non-violent, low level drug offender like Mr. Sumlin," and (3) "to heed the DOJ's guidance that a 1:1 crack to powder sentencing ratio is appropriate."[4] Sumlin Br. at 37. These contentions constitute arguments that the district court should have used its discretion under Kimbrough v. United States, 552 U.S. 85 (2007), and Spears v. United States, 555 U.S. 261 (2009) (per curiam), to "vary [from the Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." Kimbrough, 552 U.S. at 101 (alteration in original); see also Spears, 555 U.S. at 265-66 (clarifying that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."). Although a district court has the discretion to vary downward based on policy considerations, it is not required to do so. United States v. Barron, 557 F.3d 866, 871 (8th Cir. 2009) ("Kimbrough and Spears do not hold that a district court *must* disagree with any sentencing guideline . . . ") (citing United States v. Battiest, 553 F.3d 1132, 1136-37 (8th Cir. 2009)). Sumlin's sentence is within his properly determined advisory guidelines range and therefore is presumptively reasonable. See United States v. Brown, 627 F.3d 1068, 1074 (8th Cir. 2010) (citing United States v. Cosey, 602 F.3d 943, 946 (8th Cir. 2010)). Sumlin has not overcome that presumption. We hold that

---

[3]Sumlin received a Career Offender enhancement in accordance with the provisions of U.S.S.G. § 4B1.1.

[4]The FSA reduced the statutory crack cocaine to powder cocaine sentencing ratio from 100:1 to 18:1. The Department of Justice has articulated the current administration's goal as to "completely eliminate the sentencing disparity between crack cocaine and powder cocaine." Statement of Lanny A. Breuer, Assistant Attorney General, before the Committee on the Judiciary, Subcommittee on Crime and Drugs, "Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity," Apr. 29, 2009, at 10.

the district court did not abuse its discretion in denying Sumlin's request for a downward variance.  <u>See</u> <u>id.</u> (standard of review) (citing <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007)).

The judgment is affirmed.

_____