# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2735

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Cesar Ortiz-Castillo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: May 14, 2012
Filed: June 26, 2012

———————

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Cesar Ortiz-Castillo pled guilty to illegal reentry after removal in violation of 6 U.S.C. §§ 202 and 557 and 8 U.S.C. § 1326(a) and (b)(2). At sentencing, Ortiz-Castillo sought a variance from the suggested 70 to 87 months Guidelines range, positing to the court that a 36-month sentence was reasonable. The district court[1] imposed a 70-month sentence. On appeal, Ortiz-Castillo challenges the reasonableness of his sentence, claiming that the district court failed to give sufficient mitigating weight to particular factors indicating an unlikelihood of reoffending and

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

that, as such, the resulting sentence was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

There was no abuse of discretion here.  United States v. Clay, 622 F.3d 892, 895 (8th Cir. 2010) (standard of review), cert. denied, 131 S. Ct. 3023 (2011).  Ortiz-Castillo argues that his sentence was substantively unreasonable because, while he had been convicted of several prior offenses, he was never sentenced to more than four months in custody.  Thus, Ortiz-Castillo argued to the district court and again on appeal that a 36-month sentence more reasonably reflects a gradation from his prior offenses and would sufficiently deter him in accordance with the § 3553(a) concerns regarding recidivism and deterrence.  Although the district court, in its discretion, could have granted the downward variance sought by Ortiz-Castillo, see Kimbrough v. United States, 552 U.S. 85, 110-11 (2007), it was not required to do so.  See United States v. Cosey, 602 F.3d 943, 946 (8th Cir.), cert. denied, 131 S. Ct. 364 (2010).  The record indicates that the district court considered Ortiz-Castillo's variance request along with each of the relevant § 3553(a) sentencing factors.  Ortiz-Castillo raises nothing on appeal to rebut the presumption of reasonableness to which his sentence is entitled.  See Clay, 622 F.3d at 895 ("When a sentence is within the advisory guideline sentencing range, we may presume the sentence is reasonable.").  The district court did not abuse its discretion in imposing this 70-month sentence.

The judgment of the district court is affirmed.

_____