# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1318

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Alonzo Woods

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: October 29, 2013
[Unpublished]

_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Richard Alonzo Woods pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] imposed a 77-month

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

sentence, which reflected the low end of the suggested Guidelines range of 77 to 96 months' imprisonment. Woods appeals, arguing that the sentence imposed is substantively unreasonable. We affirm.

On November 16, 2011, Woods was arrested outside of a sporting goods store after a store employee alleged that Woods was offering to sell customers a firearm in the store's parking lot. The officer recovered a loaded Smith & Wesson .357 caliber revolver, inside a gun case, on the floor of Woods's vehicle. Woods was charged with and pleaded guilty to being a felon in possession of a firearm. At sentencing, the court determined that the Guidelines range was 77 to 96 months' imprisonment, after applying an acceptance of responsibility downward adjustment and a one-level reduction upon the government's motion. Woods sought a further downward variance, but the court, after reviewing the facts of the case and the 18 U.S.C. § 3553(a) factors, sentenced Woods to 77 months in prison.

Woods challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. United States v. Clay, 622 F.3d 892, 895 (8th Cir. 2010). "When a sentence is within the advisory guideline sentencing range, we may presume the sentence is reasonable." Id. Woods argues that the district court should have granted his request to vary downward after weighing the § 3553(a) factors. He asserts that the district court failed to appropriately consider that Woods possessed the firearm in a nonviolent manner, Woods's mental health, and Woods's post-offense rehabilitation, and thus imposed a substantively unreasonable sentence. The sentencing court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), and after reviewing the sentencing transcript, "[w]e do not believe the reasons advanced . . . to support a more lenient sentence are sufficient to overcome the district court's wide discretion to select a sentence consistent with the Sentencing Commission's recommendation." United States v. Lee, 553 F.3d 598, 602 (8th Cir. 2009); see also

United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." (quotation omitted)).  We affirm.

_____