# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2212

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Jon Bush

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: November 10, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Bush appeals his sentence of 322 months on the grounds that the district court[1] committed procedural error by sentencing him as a career offender. We affirm.

Bush pleaded guilty to one count of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or five grams or more of pure methamphetamine, after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851. He also pleaded guilty to one count of possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A). At sentencing, the district court sentenced Bush as a career offender under section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G) because the conspiracy conviction constituted a controlled substance offense and because he had three prior felony convictions of either a crime of violence or a controlled substance offense. Specifically, the district court concluded that Bush had prior convictions for attempted burglary in the second degree, eluding a pursuing law enforcement vehicle, and possession with intent to distribute a controlled substance.

Bush concedes that his conviction for possession with intent to distribute constitutes a controlled substance offense for purposes of § 4B1.1. He argues, however, that the district court erred in holding that he was a career offender because his convictions for eluding and attempted burglary do not constitute crimes of violence, and he therefore does not have the two predicate felony convictions required by the career offender calculation. "[W]e review the district court's application of the Guidelines de novo." United States v. Poe, 764 F.3d 914, 917 (8th Cir. 2014).

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Under § 4B1.1(a), a defendant who was at least eighteen years old at the time the defendant committed the instant offense of conviction will be deemed a career offender if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and if the defendant has at least two predicate felony convictions that constitute either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

Bush's argument with respect to his eluding conviction is directly contradicted by our holding in United States v. Clay, 622 F.3d 892 (8th Cir. 2010). In Clay, we explicitly held that the offense of eluding under Iowa Code § 321.279(2) is a crime of violence. Id. at 895. Bush recognizes that Clay is directly on point, but he contends that the case was wrongly decided and requests that we overrule it. "One Eighth Circuit panel, however, cannot overrule another's opinion. . . . In short, even if we were inclined to question our governing caselaw–which we are not–we are bound by our precedents . . . and only the court en banc could overturn them." United States v. Billue, 576 F.3d 898, 904 (8th Cir. 2009) (second alteration in original). We therefore hold that Bush's eluding conviction constitutes a crime of violence. Clay, 622 F.3d at 895.

Because Bush's eluding conviction constituted his second predicate felony conviction for purposes of § 4B1.1, the district court did not err in holding that he was a career offender. Id. We therefore need not address whether Bush's conviction for attempted burglary also constitutes a crime of violence. The judgment of the district court is affirmed.

_____