# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3238
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Thomas Chapman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 15, 2020
Filed: May 13, 2020
[Unpublished]
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Justin Thomas Chapman pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court[1]

_____

[1] The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

sentenced him to 180 months of imprisonment and 10 years of supervised release. This sentence was well below the United States Sentencing Guidelines Manual's ("Guidelines") recommended sentence of 240 months of imprisonment. On appeal, Chapman argues his sentence was greater than necessary and therefore substantively unreasonable because the district court failed to take into account the need to avoid sentencing disparities, as required under 18 U.S.C. § 3553(a)(6). We disagree, and affirm the district court's below-Guidelines sentence.

"We review the substantive reasonableness of a sentence under an abuse-of-discretion standard." *United States v. Clay*, 622 F.3d 892, 895 (8th Cir. 2010). When a sentence is within the Guidelines range, we may presume it is reasonable. *Id.* But, as here, when the sentence imposed is below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018) (quoting *United States v. Worthey*, 716 F.3d 1107, 1116 (8th Cir. 2013)).

There is nothing in the record suggesting the district court failed to take into account its obligation to consider sentencing disparities. The district court thoughtfully discussed all of the § 3553(a) factors, including specific consideration of whether the sentence imposed was "necessary to avoid unwarranted disparities between Mr. Chapman's sentence and the sentences of defendants with similar records who have been found guilty of similar conduct." The district court took into account the "nature and circumstances of the offense," including Chapman's use of multiple Internet-based applications, his role as a moderator and administrator of chat rooms, and his possession of almost 11,000 images of child pornography. The district court discussed how the 180-month prison sentence "would capture or distinguish [Chapman] from others who have engaged in this conduct, but did not engage in the obstructive conduct that he did here or hold a managerial role." And the district court concluded "that a term of 180 months would not create unwarranted sentencing disparities."

The district court weighed all of the 18 U.S.C. § 3553(a) factors, and took specific care to address the possibility of sentencing disparity. Even though Chapman would have had the district court weigh the § 3553(a) factors differently, the district court did not abuse its discretion in reaching its below-Guidelines sentence. *United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016). We therefore affirm.

_____