# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2122
_____

United States of America

*Plaintiff - Appellee*

v.

Raymond Emmet Portz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 14, 2022
Filed: June 9, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Raymond Portz pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] held that Mr. Portz was a supervisor in the offense, applied a two-level enhancement for that role, and ultimately sentenced Mr. Portz to a term of imprisonment of 188 months. Mr. Portz appeals his sentence, arguing that the court erred by applying the supervisory role enhancement and that his sentence was substantively unreasonable. We affirm.

The U.S. Sentencing Guidelines provide for an increased offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). The government has the burden to prove by a preponderance of the evidence that the enhancement applies. United States v. Lewis, 976 F.3d 787, 798 (8th Cir. 2020). We review the "district court's factual findings regarding whether a leadership enhancement is warranted for clear error and its legal conclusions de novo." Id. (quoting United States v. Davis, 875 F.3d 869, 874 (8th Cir. 2017)).

We interpret the supervisory role enhancement broadly. Id. To determine if the enhancement applies, we consider the factors of control over other participants and the organization of the criminal activity. Id. "A 'defendant may be subject to the enhancement even if he managed or supervised only one participant, limited to a single transaction.'" Id. (quoting United States v. Guzman, 946 F.3d 1004, 1008 (8th Cir. 2020)).

The district court did not clearly err in finding Mr. Portz was a manager or supervisor of the criminal activity. When Mr. Portz and others traveled to the west coast to obtain over 20 kilograms of methamphetamine, Mr. Portz accompanied the

---

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

group. He paid for hotel rooms, airplane tickets, and 90% of the price of the methamphetamine. Once the transaction was completed, he flew back to Minnesota instead of riding back with the drugs. Although Mr. Portz did not travel back with the drugs, he continued to supervise the trip. Mr. Portz's mother, Rebecca Portz traveled with the drugs. Via text message, Mr. Portz told her who should drive and what portion of the methamphetamine should be given to a co-conspirator. The case agent testified that Mr. Portz's behavior was consistent with a leader in a drug trafficking organization. The agent testified that a leader will travel to oversee a drug transaction but travel back separately from the drugs to avoid being caught in possession of them. Mr. Portz argues that the text messages show only that Rebecca Portz advised her son on how to be a good drug dealer. We reject this argument. It was not clearly erroneous for the district court to find that Mr. Portz made decisions and directed his co-conspirators as to how they should travel on the return trip. This level of direction is more than sufficient to support the two-level supervisory role enhancement.

Mr. Portz also argues that his sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "An abuse of discretion occurs where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) (quoting United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam)).

The district court calculated a total offense level of 37 and a criminal history category of IV, resulting in a Guidelines range of 292 to 365 months. The court determined, however, that the criminal history calculation overstated the seriousness of Mr. Portz's prior convictions and that Mr. Portz should receive a downward variance based on the disparity between how the Guidelines treat methamphetamine mixtures and pure methamphetamine. Therefore, the district court sentenced Mr. Portz as if he had a total offense level of 35, a criminal history category of II, and a Guideline range of 188 to 235 months. Ultimately, the court sentenced Mr. Portz to 188 months' imprisonment. This below-Guidelines sentence was substantively reasonable.

We affirm the judgment of the district court.

_____