Christine GAMMON, individually and as Parent and Natural Guardian of Travis Hawkinson and Trenton Hawkinson; Lori Hjort, Trustee for the Heirs of Ross William Sladek, Appellants,

v.

AUTO–OWNERS INSURANCE COMPANY, Respondent.

No. C2–89–2232.

Court of Appeals of Minnesota.

April 24, 1990.

Review Denied June 6, 1990.

Gordon H. Hansmeier, William J. Cashman, Donohue Rajkowski, Ltd., St. Cloud, for appellants.

Michael T. Feichtinger, Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

Considered and decided by LANSING, P.J., and PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

Christine Gammon, her two surviving children and the trustee for the heirs of her deceased child appeal the grant of summary judgment against them declaring that the house they rented in which a fire occurred, injuring three of the family and killing one, was not an "insured premises" under the homeowner's insurance policy purchased by Beverly Sahr. Sahr, personal representative of the estate which owned the rental property, had an insurance policy on her own residence. The trial court held that her homeowner's policy definition of "insured premises" was not ambiguous and that it clearly did not include the property Sahr rented out for the estate. We affirm.

## FACTS

In April 1987, Christine Gammon and her three children lived in a house they rented from the estate of Albert Gammon. This property was managed and controlled by Beverly Sahr as personal representative of the estate. As of April 1987, this property was insured by State Farm Insurance Co. with $100,000 bodily injury liability limits. Sahr had a separate homeowner's insurance policy with the same liability limits on her own residence.

On April 30, 1987, a fire occurred at the rental property, killing one of Gammon's three children and severely injuring her and the other two children. Sahr's insurer, Auto–Owners Insurance Company, Inc., later wrote her a letter stating that there was no coverage under her homeowner's policy for the fire at the rental house.

Gammon, her two children and the trustee for her deceased child's heirs (appellants) sued Sahr and the estate for negligence in the fire. They implied that defective wiring was at fault as well as defendant's failure to maintain an operable fire alarm and smoke detector.

Sahr and the estate entered into a *Miller–Shugart* agreement confessing liability in the amount of $215,000. The estate contributed $15,000 and the estate's insurer for the burned house paid the $100,000 liability limit under its policy. Sahr assigned all of her rights against Auto–Owners for the liability limits under her homeowner's policy in exchange for a release of any personal liability for the fire.

On cross-motions for summary judgment in the declaratory judgment action brought by appellants against Auto–Owners seeking the $100,000 under Sahr's policy, the trial court granted summary judgment for Auto–Owners, holding that the property in question was not within the definition of "insured" premises. The court ruled that the term "rent" in the section defining "insured premises" was not ambiguous and connoted personal use by 'the insured and thus excluded coverage here. The court ruled that even if "rent" were ambiguous, the renting out of the house continuously for three to four years prior to the fire ruled out its being rented "occasionally" and thus coverage would be excluded under the policy.

## ISSUE

Did the trial court err in its interpretation of the definition of "insured premises" in the personal representative's homeowner's policy?

## DISCUSSION

██ In reviewing a grant of summary judgment, this court must determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The sole issue here is

whether the trial court erred, as a matter of law, in interpreting the definition of "insured premises," which reads in part:

> d. Any part of a premises not owned by an insured person but where the insured person may be temporarily residing or which an insured person may *occasionally* rent for non-business purposes;

This definitional section also included other subsections, including:

> a. The residence premises; b. any other premises * * * you intend to use as a residence premises; * * * h. any structures or grounds you use in connection with your residence premises.

Appellants argue that the term "rent" in subsection "d" is ambiguous as reasonably subject to more than one interpretation and thus could mean rented by Sahr to someone else. *See Columbia Heights Motors v. Allstate Insurance Co.*, 275 N.W.2d 32, 34 (Minn.1979).

The trial court held that the section defining "insured premises" contained a common definitional thread throughout the various subsections which each defined a use of the "premises" *by* the insured.

■ Contract terms must be read in the context of the entire policy. *Employers Mutual Liability Insurance Co. v. Eagles Lodge of Hallock*, 282 Minn. 477, 479, 165 N.W.2d 554, 556 (1969). Courts must determine the intent of contracting parties not by a process of dissection in which words are isolated from their context, but rather from a process of synthesis in which the words and phrases are given a meaning in accordance with the obvious purpose of the * * * contract as a whole. *Cement, Sand & Gravel Co. v. Agricultural Insurance Co.*, 225 Minn. 211, 216, 30 N.W.2d 341, 345 (1947) (quoted in *Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn.1979)).

There is no ambiguity to the term "rent" unless it is taken entirely out of context. Read in the context of the entire section defining "insured premises," all of the subsections contemplate personal use by the insured. This was described by the trial court as a "common definitional thread." We agree and hold that the trial court did not err in interpreting the term "rent" to exclude from coverage, under Sahr's homeowner's policy, the house Sahr rented out for the estate to the Gammon family.

■ In addition, the house in question was rented out steadily for three to four years prior to the fire that occurred, including more than three continuous months prior to the fire by appellants.

The dictionary defines "occasionally" as "now and then; * * * not regularly." *Webster's New Universal Unabridged Dictionary* 1236 (2d ed. 1979). Clearly, the property in question was not rented out occasionally, providing additional grounds for the trial court to conclude that the house was not "insured premises" under Sahr's policy.

The trial court's holding is consistent with the basic nature of homeowner's coverage, which is intended to cover personal use of property by the insured. Such use involves risks foreseeable to underwriters in setting insurance premium rates. It would be an unwarranted extension of homeowner's insurance coverage to an unforeseeable risk on which no premium was paid to hold that Sahr's policy afforded coverage to property she rented out as personal representative of an estate.

## DECISION

The trial court did not err in holding that the language in the Auto–Owner's policy excluded coverage for injuries resulting from the burning of the property of the estate.

Affirmed.