# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1525

_____

Linda Volk, as guardian of Andrew John Johnson

*Plaintiff - Appellant*

v.

Ace American Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 12, 2014
Filed: April 10, 2014

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Andrew J. Johnson, through his guardian Linda Volk, sought recovery from an insurance policy of ACE American Insurance Company. The district court[1] granted

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

summary judgment to ACE, finding Johnson's claim excluded from the policy's general-liability coverage. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Johnson, developmentally disabled, requires a personal care assistant. In November 2005, while supervised by an assistant from North Country Home Care, Inc., he was blinded in his left eye by a BB gun given to him by the assistant.

At the time of the injury, North Country had coverage through ACE for both general liability and professional liability. The policy was in effect until June 2006 (when North Country ceased operations). Johnson reported his claim to North Country's last president and then to ACE.

ACE denied coverage in August 2009, determining that the professional-liability coverage covered only claims made before the policy's termination. (Johnson no longer seeks recovery for professional-liability.) ACE also denied general-liability coverage, citing the exclusion for: "Any loss, cost or expense arising out of 'bodily injury' to your patients."

Johnson sued North Country in state court. After a *Miller-Shugart* settlement,[2] he received a judgment for $2,695,758.27. He then sued ACE in state court. ACE removed the case to federal court. The district court granted summary judgment to ACE, based on the patient exclusion. ***Volk v. ACE Am. Ins. Co.***, No. 12-1065, 2013 WL 440210, *3 (D. Minn. Feb. 5, 2013). Johnson appeals.

---

[2]"In a *Miller-Shugart* settlement, an insured . . . who has been denied coverage for a claim agrees with the claimant . . . on a judgement for an amount collectible from the insurance policy. The claimant releases the insured from personal liability and the claimant's recovery is limited to the amount obtained from the insurers." ***Corn Plus Co-op. v. Cont'l Cas. Co.***, 516 F.3d 674, 677 n.2 (8th Cir. 2008), *citing* ***Miller v. Shugart***, 316 N.W.2d 729 (Minn. 1982).

This court reviews de novo a grant of summary judgment. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The question is whether the record, viewed most favorably to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

Johnson argues that his injury is within the general-liability coverage because he was not a "patient" within the meaning of the patient exclusion. The term "patient" is not defined in the policy. According to Johnson, "patient" means someone receiving licensed medical care. The assistant supervising Johnson was not licensed and (for purposes of summary judgment) did not provide medical care or medication.

Interpretation of an insurance policy is a question of law. *American Family Ins. Co. v. Walker*, 628 N.W.2d 605, 609 (Minn. 2001). Courts interpret an insurance policy using general principles of contract construction, giving effect to the intent of the parties. *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 879 (Minn. 2002). Unambiguous terms are given their plain and ordinary meaning, and ambiguous terms are construed against the drafter and in favor of the insured. *Id.* at 880. Language is ambiguous if it is "reasonably subject to more than one interpretation." *Columbia Heights Motors, Inc. v. Allstate Ins. Co.,* 275 N.W.2d 32, 34 (Minn. 1979).

The district court correctly found that "patient" is unambiguous. Minnesota courts rely on dictionaries for the plain and ordinary meaning of an undefined term. *General Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 577-79 (Minn. 2009). The dictionary definition of "patient" is "the recipient of any of various personal services." **Webster's Third New Int'l Dictionary** 1655 (1981). Johnson was the recipient of personal care services from North Country. He was a patient of the company. Johnson claims that he was a "customer" or "client"—not a "patient." The dictionary definition of "patient" also includes a "client" or "customer." *Id.*

The use of "patient" in the context of the policy as a whole confirms that it is unambiguous. When a term is used multiple times in a contract, the court should read the term consistently throughout the entire contract. *See Metro Office Parks Co. v. Control Data Corp.*, 205 N.W.2d 121, 124 (Minn. 1973). "Patient" appears in both the general-liability exclusion and the professional-liability provisions. The professional-liability coverage applies if the injury is caused by a "professional incident." Professional incidents are "any act or omission in the rendering or failure to render 'healthcare professional services,'" which are "services performed by an 'insured' to care for or assist your patients." In the professional-liability provision —just as in the general-liability exclusion—"patient" refers to those North Country serves. *See Gammon v. Auto-Owners Ins. Co.*, 454 N.W.2d 434, 436 (Minn. Ct. App. 1990) ("Courts must determine the intent of the contracting parties . . . from the process of synthesis in which the words and phrases are given a meaning in accordance with the obvious purpose of the . . . contract as a whole."); *Metro Office Parks*, 205 N.W.2d at 124 ("[W]ords, phrases, and sentences are assigned a meaning in accordance with the apparent purpose of the agreement as a whole.").

Johnson focuses on the definition of "patient" in several Minnesota statutes. *E.g.,* **Minn. Stat. §§ 144.291(2)(g), 144.651(2), 148A.01(4) (2005), 246.71(3)**. He argues, without authority, that these statutes "inform the relationship between insurers and insureds." His focus is misplaced. The policy here does not incorporate the statutes in any way, and the statutes do not purport to define generally the word "patient."

The district court concluded, "Even if the term 'patients' is ambiguous . . . extrinsic evidence conclusively resolves the question of whether the incident fell within the general liability coverage." *Volk*, 2013 WL 440210, at *3. Johnson attacks this conclusion, arguing the district court erred in using "ACE's secret knowledge about underwriting practices . . . to determine the parties' intent." Since

-4-

the term "patient" is unambiguous, this court need not address the district court's use of extrinsic evidence.

* * * * * * *

The judgment is affirmed.

_____