# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3425

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Charles Shelton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 19, 2023
Filed: October 6, 2023

_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Police officers searched a bag belonging to Robert Shelton and found methamphetamine, drug paraphernalia, and a BB gun that resembled a handgun. As a result, Shelton pleaded guilty to possessing a controlled substance with intent to distribute it. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). In calculating the recommended

sentencing range under the Sentencing Guidelines, the district court[1] applied a two-level enhancement to Shelton's base offense level because he possessed a "dangerous weapon," namely, the BB gun. Shelton maintains that the court erred in applying the enhancement. We affirm.

The relevant enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." *See* USSG § 2D1.1(b)(1). Application Note 11(A) to that section provides that the definitions of "dangerous weapon" and "firearm" are found in the commentary to USSG § 1B1.1. Application Note 1(E) to § 1B1.1 defines a "dangerous weapon" to include "an instrument capable of inflicting death or serious bodily injury" or "an object that is not an instrument capable of inflicting death or serious bodily injury but . . . closely resembles such an instrument." Application Note 1(M) explains that "serious bodily injury" is "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." Finally, the definition of "firearm" contained in Application Note 1(H) explicitly states that BB guns are "a dangerous weapon but not a firearm." The district court determined that the BB gun was a dangerous weapon both because it was capable of inflicting serious bodily injury and because it closely resembled a real firearm. It then sentenced Shelton to 235 months' imprisonment, which was at the bottom of the recommended range of 235–293 months.

Shelton maintains that the district court erred in applying the enhancement. He asserts that a BB gun is not capable of inflicting death or serious bodily injury. He also asserts that, even if the BB gun closely resembles an actual firearm, the court should disregard that part of the definition of "dangerous weapon" because, as

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

commentary, it improperly expands, rather than interprets, what he believes is an unambiguous phrase in the Guidelines's text.

We need not resolve the extent to which the "closely resembles" part of the definition applies because we think that the part of the definition that Shelton takes no issue with—whether the instrument is capable of inflicting death or serious bodily injury—sweeps in BB guns. As the district court explained, it might be difficult to imagine a BB gun causing death, but it can certainly cause serious bodily injury. The BB gun here contains a written warning of the danger of serious injury. BB guns can cause "protracted impairment of a function of a bodily member" such as by blinding, *see Volk v. Ace Am. Ins. Co.*, 748 F.3d 827, 828 (8th Cir. 2014), and a victim shot with a BB gun might require medical intervention such as surgery or hospitalization. We find it unsurprising that the Guidelines commentary explicitly classifies BB guns as dangerous weapons because that result follows from the unchallenged part of the commentary's definition of "dangerous weapon." We discern no error here.

Affirmed.

_____