# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2281
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Sheets

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: January 6, 2025
Filed: January 10, 2025
[Unpublished]
_____

Before SMITH, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Aaron Sheets appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has filed a brief under Anders v.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

California, 386 U.S. 738 (1967), arguing the district court erred in applying a 2-level enhancement for possession of a dangerous weapon.

Upon careful review, we conclude that the district court did not err in applying the enhancement under U.S.S.G. § 2D1.1(b)(1). See United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir. 2007) (reviewing application of Guidelines de novo and factual findings for clear error). The district court correctly determined that the airsoft rifle was a dangerous weapon, and the court did not clearly err in finding it was connected to the drug offense. See United States v. Shelton, 82 F.4th 1294, 1295-96 (8th Cir. 2023) (BB gun was "dangerous weapon" within meaning of § 2D1.1(b)(1)); United States v. Peroceski, 520 F.3d 886, 888-89 (8th Cir. 2008) (for § 2D1.1(b)(1) to apply, government must simply show that it is not clearly improbable that weapon was connected to drug offense).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm.

_____